UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                        :
MAURISA JOSEPH, TENZIN DHONDEN,    :
POORAN LEON PERSAUD, SHATA BOSE, :
JOHANNA PEREZ, THUPTEN CHOEPHEL, :
SAFIYYAH LONG,                                 :         16-CV-2052 (VSB)
                                                        :
                          Plaintiffs,     :         <u>ORDER</u>
                                                       :
                -v-                                  :
                                                       :
OTG MANAGEMENT, INC., LAGUARDIA   :
USA LLC,                                                :
                                                       :
                         Defendants.    :
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/27/2017
```

VERNON S. BRODERICK, United States District Judge:

       On March 21, 2016, Plaintiffs Maurisa Joseph, Tenzin Dhonden, Thupten Choephel, Pooran Leon Persaud, Shata Bose, Johanna Perez, and Safiyyah Long ("Plaintiffs") filed a class action complaint against Defendants OTG Management, Inc. and LaGuardia USA LLC ("Defendants") alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") and the New York Labor Law, Art. 19 § 650 *et seq.* ("NYLL"). (Doc. 1.) The complaint alleged that Plaintiffs were not properly paid minimum wage while employed as servers and bartenders at Defendants' Empire Tavern and Crust restaurants. At a telephone conference held on April 12, 2017, the parties advised the Court that they had reached a settlement. (Dkt. Entry 4/12/2017.) On May 18, 2017, the parties filed a copy of the settlement agreement as well as Plaintiffs' letter stating its reasons for believing the settlement is fair and reasonable to Plaintiffs. (Doc. 63.) Plaintiffs' counsel also submitted their billing records via ex parte email to my chambers' inbox.

Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must demonstrate to this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). "A reasonable agreement must 'reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Lopez v. Ploy Dee, Inc.*, No. 15-cv-647 (AJN), 2016 WL 1626631, at *1 (S.D.N.Y. Apr. 21, 2016) (quoting *Mamani v. Licetti*, No. 13-cv-7002, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)). I have independently reviewed the settlement agreement and supporting submissions, and believe the terms of the settlement are fair, reasonable, and adequate. Therefore, Plaintiffs' motion for final approval is granted.

## I.     Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following five factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *see also Beckert v. Rubinov*, No. 15-CV-1951, 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the

reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St Marks, Inc.*, Nos. 14-CV-9063 (RA), 15-CV-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quoting *Pavon v. Daniel's Bagel Corp.*, No. 15-CV-8376 (LTS), 2016 WL 3960555, at *1 (S.D.N.Y. July 12, 2016)). And where, as here, a settlement agreement includes a provision for attorney's fees, I must "separately assess the reasonableness of plaintiffs' attorney's fees." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). In order to aid in this determination, "counsel must submit evidence providing a factual basis for the award [of attorney's fees]." *Beckert*, 2015 WL 6503832, at *2.

## II. Discussion

### A. *Settlement Amount*

I first consider the settlement amount. The agreement provides for a gross settlement amount of $40,000. (Doc. 63-1 at 2.) The settlement amount contemplates $13,692.71 in attorneys' fees and costs. (*Id.* at 3.) After deducting that amount, the settlement will allocate the remaining amount to the Plaintiffs as follows:

- Pooran Leon Persaud:  $3,919.79
- Tenzin Dhonden:  $3,946.09
- Shata Bose:  $2,130.89
- Thupten Choephel:  $6,918.82
- Sayiffah Long:  $4,038.17
- Maurisa Joseph:  $4,038.17
- Johana Perez:  $1,315.36

(*Id.* at 2-3.)  These distributions represent each Plaintiff's alleged unpaid wages and undistributed tips.  (*Id.*)  These amounts are greater than Plaintiffs' calculation of their maximum recovery:  $22,153, exclusive of attorneys' fees.  (*See* Doc. 63-2 at 4.)

The parties contend that the settlement is fair in light of the anticipated costs and risks associated with ongoing litigation.  In particular, there is a material factual dispute concerning whether the tips Defendants collected in the "tip pools" were properly distributed so as to justify the use of a "tip credit" minimum wage.  (*See* Doc. 63-2 at 2-4.)  Given the uncertainty of recovery, as well as inherent risks and costs associated with continued litigation, settlement appears to be an efficient resolution of the matter.  The proposed settlement also appears to be the product of adversarial, arms'-length bargaining between experienced counsel, and there is no basis for me to believe that there was any fraud or collusion involved in the settlement.  Nor are there any factors present that typically weigh against approving a settlement.  *See Wolinsky*, 900 F. Supp. 2d at 336.  Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement agreement appears to be a fair and reasonable resolution of this dispute.

### B.  *Attorneys' Fees*

I next consider the attorney's fees contemplated in the settlement agreement.  The attorneys' fees sought are $13,153.64, which represents one third of the total settlement amount after expenses.  (*See* Doc. 63-2 at 6; Doc. 63-1 at 3.)  Courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.  *See, e.g.*, *Gaspar v. Personal Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District.").  In support of the attorney's fee award, Plaintiffs' counsel submitted contemporaneous billing records maintained

by each attorney, paralegal, and support staff who participated in the case.  It is clear that Plaintiffs' counsel has expended significant time on investigating and researching Plaintiffs' claims, and collecting and analyzing voluminous wage and payroll records.  (*See* Doc. 63-2 at 7-8.)  Plaintiffs' counsel calculates the actual amount expended in this litigation by Pedowitz & Meister LLP to be $203,440, exclusive of costs.  (Doc. 63-2 at 7.)  This amount was calculated based on approximately 965.9 hours of partner, associate, and paralegal time, at hourly rates of $650 per hour for the partner, either $350 or $300 per hour for the associates, and either $125 or $100 per hour for paralegals.  (*Id.* at 63-2 at 9.)  These rates are slightly higher than average.  *See, e.g.*, *Aguilera v. Cookie Panache ex rel. Beneath the Bread, Ltd.*, No. 13 Civ. 6071(KBF), 2014 WL 2115143, at *3 (S.D.N.Y. May 20, 2014) (reducing rates for class settlement of FLSA and NYLL claims "[b]ased on the prevailing rates in this district for employment law cases," from $550/hour to $300/hour for partners, $350/hour to $200/hour for counsel, $175-200/hour to $125 for associates, and $125/hour to $75/hour for paralegals).  Nevertheless, a one-third award of $13,153.64 is far from a windfall for Plaintiffs' counsel, and instead represents modest compensation for the work put into this case.[1]  Based on this analysis, I find the attorney's fees contemplated in the settlement agreement to be fair and reasonable.

### C. *Costs*

The settlement agreement also contemplates $539.07 in expenses, for court filing fees and UPS charges.  I find this amount to be reasonable as well.

---

[1] Even if I apply the low end of the hourly rate range, Plaintiffs' counsel would be compensated for far less work than was expended.

### III. Conclusion

For the reasons stated above, I find the settlement fair and reasonable. The settlement agreement of the parties, (Doc. 63-1), is hereby APPROVED. The Clerk's Office is respectfully directed to close the case.

SO ORDERED.

Dated:   June 27, 2017
        New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge